# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-07-00153 |
| LARRY JOHNSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

On March 29, 2007, Defendant Larry Johnson was charged in a three-count indictment. Count 1 alleged possession with intent to distribute a controlled substance, 21 U.S.C. § 841; Count 2 alleged possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c); and Count 3 alleged felon in possession of a firearm, 18 U.S.C. § 922(g), (Indictment, ECF No. 1.) At the conclusion of a three-day jury trial commencing on September 4, 2007, Johnson was convicted on all counts. (Jury Verdict, ECF No. 57.) This Court imposed a 360-month sentence. (Judgment, ECF No. 60.) Johnson has served 152 months of his 360-month sentence. (Bloor Decl., Ex. A, ECF No. 173-2.) He is presently incarcerated at the Federal Correctional Institution ("FCI") Gilmer Medium, which is located in Gilmer County, West Virginia.

Now pending is Johnson's Emergency Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 172.) The Government opposes the motion. (ECF No. 180.) As the Government concedes, Johnson's health conditions present extraordinary and compelling reasons for his release. After consideration of factors relating to the danger Johnson may pose to the community upon release and the appropriate sentence for his crime,

this Court finds that Johnson should not be immediately released, but instead, his sentence should be reduced from 360 months to 300 months.

## BACKGROUND

On March 29, 2007, the Johnson was charged in a three-count indictment. (Indictment, ECF No.1.) Count 1 alleged possession with intent to distribute a controlled substance, 21 U.S.C. § 841; Count 2 alleged possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c); and Count 3 alleged felon in possession of a firearm, 18 U.S.C. § 922(g). (Indictment, ECF No. 1.) At the conclusion of a three-day jury trial commencing on September 4, 2007, Johnson was convicted on all counts. (Jury Verdict, ECF No. 57.) This Court imposed a total sentence of 360 months. (Judgment, ECF No. 60.) With good time credit, he is now projected to be released in September 2032.

In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). On August 14th, 2020, Johnson moved for immediate release in light of the pandemic, citing chronic kidney disease, hypertension, and hyperlipidemia. (ECF No. 172.). Johnson's health makes him particularly vulnerable to complications should he contract COVID-19. (*See* Bloor Decl., Ex. B, ECF No. 173-3.) As of Johnson's last filing on September 16, 2020, there have been only six confirmed positive cases of COVID-19 at FCI Gilmer. (*See* ECF No. 181.) However, despite the Bureau

of Prisons ("BOP") best efforts to mitigate the spread of COVID-19 within its facilities, the number of COVID-19 cases continues to increase throughout facilities across the country.[1]

## ANALYSIS

Since Johnson's conviction, Congressional action has altered the legal landscape in significant ways. Most notably, in December 2018, the President signed into the law the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence and "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a finding of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus*, available at www.bop.gov/coronavirus/ (last accessed Oct. 12, 2020).

Johnson has satisfied the procedural prerequisites for filing the instant motion in federal court. On April 24, 2020, Johnson filed a request for a sentence reduction with the warden of FCI Gilmer, and his request was denied on August 17, 2020. (ECF No. 180-1.) There is no dispute that Johnson exhausted his administrative remedies as required by the First Step Act. Therefore, this Court must determine whether extraordinary and compelling reasons warrant a reduction, the defendant is no longer a danger to the community, and a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a).

This Court finds that Johnson has shown an extraordinary and compelling reason for a reduction in his sentence. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Specifically, the Commission has determined that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the BOP determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).

As this Court has repeatedly recognized, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create extraordinary and compelling reasons to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). In this case, Johnson's underlying medical conditions provide "extraordinary and compelling reasons" for a sentence

4

reduction. Johnson has been diagnosed with chronic kidney disease, hypertension, and hyperlipidemia, all of which are confirmed to potentially increase the risks associated with COVID-19.[2] The Department of Justice has taken the position that defendants with medical conditions placing them at increased risk have shown an "extraordinary and compelling" reason, to the extent they do not pose a danger to the community. (ECF No. 180.) The Government therefore concedes that Johnson has satisfied this prong of the compassionate release analysis. (*Id.*) This Court agrees and finds that Johnson's risk of severe COVID-19 symptoms provides an extraordinary and compelling reason for Johnson's release under the first set of circumstances set forth by the Sentencing Commission.

Additionally, this Court notes that courts have reached different conclusions about whether, in the wake of the First Step Act, courts considering a § 3582(c) motion for reduction of sentence are limited to the four sets of circumstances set forth by the Sentencing Commission. *See United States v. Marks*, 455 F. Supp. 3d 17, 22 (W.D.N.Y. 2020). Some courts have held that the First Step Act allows the court to grant such a motion only if the BOP director could have done so under the law as it existed prior to the enactment of the Act. In other words, those courts conclude that judges' discretion is constrained by the Sentencing Commission's previously established categories and may not stray beyond the specific instances listed in the Commission's comment to § 1B1.13. *See, e.g., United States v. Willingham*, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019); *United States v. Lynn*, No.

---

[2] Centers for Disease Control and Prevention, *People Who Need Extra Precautions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last accessed Oct. 9, 2020).

5

89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019), *appeal dismissed*, 2019 WL 6273393 (11th Cir. 2019).

Other courts have taken a different view, concluding that courts are no longer bound by the specific categories identified by the Sentencing Commission prior to the enactment of the First Step Act. *See, e.g., Marks*, 455 F. Supp. 3d at 24; *United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020); *United States v. Beck*, No., 1:13-CR-186-6, 2019 WL 2716505, at 6* (M.D.N.C. June 28, 2019). Particularly given the now-advisory nature of the Sentencing Guidelines, these courts suggest that even where a defendant does not qualify for relief under the first three sets of circumstances, relating to medical condition, age, or family circumstances, extraordinary and compelling circumstances may still be found on the basis of other individual circumstances, such as changes to sentencing law and efforts toward rehabilitation. For example, in *United States v. Haynes*, No. 93-CR-1043-RJD, 2020 WL 1941478, at *15 (E.D.N.Y. Apr. 22, 2020), the court found that the context of the defendant's prosecution and changes to sentencing law that allowed prosecutors to punish the defendant with an additional thirty years in prison for electing to go to trial presented extraordinary and compelling circumstances warranting a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i). These cases are consistent with the opinion of Judge Blake of this Court in *United States v. Bryant*, No. CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). In that case, Judge Blake held that although the Sentencing Guidelines and BOP's regulations provide useful guidance, neither constrains this Court's analysis. *Id.* at *2. The First Step Act embodies Congress's intent to reduce the BOP's authority over compassionate release

petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *Id.*

As provided above, this Court finds that Johnson meets the requirements for extraordinary and compelling circumstances under the Commission's first criteria relating to serious health risks. Therefore, this Court does not need to find additional extraordinary and compelling reasons in order to grant Johnson's motion for a reduction in sentence. However, this Court does find this line of cases instructive. These courts have read the First Step Act to provide courts with a great deal of discretion. A court may go beyond the Commission's criteria in determining what constitutes extraordinary and compelling circumstances, and once such circumstances are found, it has discretion in its evaluation of the appropriate sentence.

To be clear, Congress's grant of authority to the courts to entertain prisoner-filed motions for reduction of sentence was not intended to give courts free rein to modify previously-imposed sentences. *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial 'change of heart.'"). The general principle still holds that courts may not alter previously-imposed sentences, absent an express grant of authority. *Freeman v. United States*, 564 U.S. 522, 526 (2011). Although the First Step Act does confer such authority, and though Congress clearly sought to increase the availability of compassionate release, Congress did not mean to open the floodgates in that regard. A court must still find extraordinary and compelling circumstances, as well as that the defendant would not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and that a reduction in sentence is consistent with the sentencing factors provided in 18 U.S.C. § 3553(a).

To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of some of the same factors. Under § 3553(a), the court considers (1) Johnson's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See Bryant*, 2020 WL 2085471 at *4.

Looking to each of these factors, this Court recognizes strong arguments against Johnson's *immediate* release. The parties and this Court agree that the nature and circumstances of the offenses are serious. Johnson trafficked drugs while armed, and while on probation for the same criminal conduct. (*See* Presentence Investigation Report ("PCR") ¶¶ 38, 39.) The weight of the evidence was also strong. A jury found Johnson guilty after presentation of the government's case and consideration of the defense. (Jury Verdict, ECF No. 57.)

However, Johnson's crimes of conviction do not alone dictate whether he would be a danger to the community today and whether a reduction in his sentence is appropriate. The Court must also examine Johnson's personal history and characteristics, which present a set of countervailing considerations. On the one hand, this was not Johnson's first drug

8

conviction: he has three prior convictions, including one with a firearm. (*See PCR.* ¶¶ 32, 34, 38.) The scope of his criminal history qualified Johnson as a Career Offender, as well as an Armed Career Offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. (*See id.* ¶¶ 44, 45.) Further, Johnson received significant sentences for his previous convictions, yet reoffended on multiple occasions. (*Id.*) His drug convictions were continuous until he received the federal sentence he is currently serving.

On the other hand, Johnson's previous convictions are, as the Government concedes, "old," (ECF No. 180), and none of them involve any allegations of violence, (ECF No. 172). Johnson was also a much younger man at the time he was convicted. He was convicted at age thirty and is now forty-three. Over the last thirteen years, his BOP disciplinary record has remained clean, and he has made significant efforts to improve himself. (ECF No. 181.) While in prison, Johnson has completed several drug education programs, a "Stop the Violence" program, an anger management program, and a parenting training program. (ECF No. 173.) Additionally, Johnson's work detail requires that he interact with visitors to the prison, which supports the claim that the BOP itself does not consider him to be dangerous. *Id.* This Court has previously found similar circumstances to weigh in favor of granting compassionate release. In *United States v. Crenshaw*, No. RDB-11-0456, 2020 WL 4436367, at *2 (D. Md. Aug. 3, 2020), this Court noted that the defendant, also an Armed Career Offender, was not a danger to his community, as evidenced by the defendant's age and maturity level, his clean BOP disciplinary record, his completion of several drug treatment and educational programs, and the significant length of time that passed since his offense.

As for the "the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public," again, this Court finds persuasive arguments on both sides. Johnson has numerous prior convictions. Accordingly, it is only rational to conclude that a substantial penalty is necessary to dissuade him from future offenses. However, as Chief Judge Bredar of this Court noted in *United States v. Braxton*, Nos. JKB-09-478, JKB-15-408, 2020 WL 4748536, at *4 (D. Md. Aug. 17, 2020), when a defendant is of an older age and ill health, "any sentence over a decade is bound to have a very substantial deterrent effect," and such individual would have "every reason to anticipate that another conviction could cause him to spend his final years of life incarcerated." Chief Judge Bredar found that although the "need to protect the public" was a significant factor given the quantity of drugs involved in the defendant's crime of conviction and his criminal record, the defendant's "age and ill health ma[de] recidivism far less likely than it would be for a younger and healthier man." *Id.* In this case, although Johnson's crime was serious, he is now middle-aged and in poor health. He, like the defendant in *Braxton*, could expect another conviction to cause him to spend many, if not all, his remaining days in prison. Although Johnson reoffended on multiple occasions in the past, there is less reason to believe the same would occur today.

Further, as provided above, some courts have found that changes in sentencing law are sufficient to provide "extraordinary and compelling" reasons for release. The fact a defendant, if sentenced today, would receive a drastically lower sentence for the same conduct has been found by several courts to constitute "extraordinary and compelling" circumstances justifying sentence reduction under § 3582(c)(1)(A). *See, e.g., Haynes*, 2020 WL 1941478, at *15. Again,

while such a finding is not necessary in this case, changes in the sentencing law landscape are relevant to the Court's analysis of whether the Court's sentence appropriately addresses "the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public." Generally, judges are no longer as constrained by the law to impose certain sentences as they were in 2007 when Johnson was convicted and sentenced. Johnson was sentenced as an Armed Career Criminal under the Armed Career Criminal Act of 1984. (*See* PCR ¶ 45.) Under this Act, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "serious drug offense . . . committed on occasions different from one another . . . ." *United States v. Rodriquez*, 553 U.S. 377, 381 (2008) (quoting 18 U.S.C. § 924(e)(2)(B)). In line with this enhancement statute, this Court therefore *increased* Johnson's sentence beyond what it found to be the appropriate sentence for his crimes under § 3353(a). Being incarcerated during this outbreak has even further "increased the severity of the sentence beyond what was originally anticipated," *United States v. Mel*, No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. May 13, 2020), especially given Johnson's significant health concerns.

Given the serious nature of Johnson's offenses, the strength of the evidence against him, and his recidivist past, this Court cannot find that Johnson has met the requirements for immediate release under the First Step Act. However, considering his deteriorating health, age, efforts toward rehabilitation, and good behavior, as well as the courts' expanding authority to exercise discretion in its sentencing decisions, this Court finds that the 360-month sentence imposed in 2007 is "greater than necessary" to comply with the purposes of incarceration.

18 U.S.C. § 3553(a). This Court instead finds that a total sentence of 300 months would be sufficient. Though Johnson and the Government treat the decision facing the Court as binary between immediate release and leaving the existing sentence intact, the Court rejects this constrictive reading of its authority under the First Step Act.

There is considerable authority for interpreting the First Step Act to provide a more flexible approach. The statutory text of the First Step Act allows courts to "reduce to term of imprisonment," upon finding of "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). "It does not constrain the Court to decide between immediate release or no reduction at all, and instead leaves the Court discretion in its evaluation of the appropriate sentence once it finds 'extraordinary and compelling reasons.'" *Braxton*, 2020 WL 4748536, at *5. Numerous district courts in both this Circuit and others have found that a court "need not choose between immediate, unconditional release or no relief at all" and have accordingly granted sentence reductions that did not result in immediate release. *See id.*; *see also Marks*, 455 F. Supp. at 37 (reducing sentence from forty years to twenty years); *United States v. Arey*, No. 5:05-00029, 2020 WL 2464796, at *7 (W.D. Va. May 13, 2020) (reducing sentence but denying immediate release); *United States v. Day*, No. AJT-05-460, 2020 WL 4251803, at *12 (E.D. Va. July 23, 2020) (same).

Under most circumstances, the Court would treat the § 3582(c)(1)(A) inquiry as the binary question posed by the parties. However, in this case, the Court finds that the 360-month sentence imposed by this Court in 2007 is longer than the sentence that the § 3553(a) sentencing factors suggest is appropriate. The extraordinary and compelling circumstances presented by the pandemic have empowered the Court to revisit the sentence it imposed. In

12

this unique instance, instead of granting immediate release or denying relief altogether, the Court will exercise its discretionary authority to reduce Johnson's sentence to 300 months. Such a sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a).

Accordingly, it is HEREBY ORDERED, this 14th day of October 2020, that the Judgment and Commitment Order in this case is Amended as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 months as to count 1, 240 months as to count 3 to run concurrent with count 1 and 60 months as to count 2 to run consecutive to counts 1 and 3 for a total of 300 months with credit for time served since April 30, 2007.

_____
Richard D. Bennett
United States District Judge