## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,      *

   v.                      *     Criminal Action No. RDB-07-153

LARRY JOHNSON,          *

   *Defendant.*           *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM ORDER

Presently pending before the Court is Petitioner Larry Johnson's ("Petitioner" or "Johnson") Motion for Compassionate Release (ECF Nos. 195, 198), in which he seeks a reduction of his 300-month sentence to time served. Johnson is currently forty-nine years old and is incarcerated at Federal Correctional Institution Thomson in Thomson, Illinois, with a projected release date of June 13, 2028. *See Find an Inmate*, Fed. Bureau Prisons, https://www.bop.gov/inmateloc (search by register number: 42876-037) (last accessed July 7, 2026). The Court has reviewed the relevant submissions; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Johnson's Motion for Compassionate Release (ECF Nos. 195, 198) is DENIED.

### BACKGROUND

On September 9, 2007, a federal jury found Johnson guilty of one count each of: distribution and possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of

18 U.S.C. § 922(g)(1). (ECF No. 57.) He was sentenced before this Court on November 21, 2007, to a term of 360 months' imprisonment. (ECF Nos. 59, 60.)

On January 14, 2021, this Court granted a reduction of sentence to 300 months after granting an earlier compassionate release motion filed by Johnson (ECF No. 173). *See* (ECF No. 183). The Court reduced Johnson's sentence due to serious health risks. (*Id.*) Johnson filed the pending Motion for Compassionate Release (ECF No. 195), his third, on March 18, 2024. He supplemented the Motion on September 9, 2024, to clarify that he seeks relief under § 1B1.13(b)(6) of the United States Sentencing Guidelines. (ECF No. 198).

## ANALYSIS

In the pending pro se[1] Motion for Compassionate Release (ECF No. 195) pursuant to 18 U.S.C. § 3582(c)(1)(A), Johnson seeks a reduction of his 300-month sentence to time served based on (1) his rehabilitation and (2) sentencing disparities with similarly situated defendants, the length of his sentence, and the amount of time he has served. (*Id.*) He later supplemented the Motion to clarify that he seeks relief under United States Sentencing Guideline 1B1.13(b)(6). (ECF No. 198.)

A court may not ordinarily "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026) (citing 18 U.S.C. § 3582(b)). Compassionate release, as provided for by Congress, is a limited exception to that rule. *Rutherford*, 146 S. Ct. at 1326 (citing § 3582(c)(1)(A)(i)). It permits a court to modify a sentence upon finding that: (1) a petitioner has exhausted his administrative remedies; (2)

---

[1] The Court "liberally construe[s]" pro se filings and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

there are extraordinary and compelling reasons warranting a reduction; and (3) such a reduction would align with any relevant sentencing factors set out in 18 U.S.C. § 3553(a) and any applicable policy statement issued by the United States Sentencing Commission.[2] *See United States v. Ferguson*, 55 F.4th 262, 267–68 (4th Cir. 2022) (quoting § 3582(c)(1)(A)).

As noted, to grant compassionate release, a petitioner must demonstrate that there are "extraordinary and compelling reasons" that warrant relief. § 3582(c)(1)(A). Congress tasked the United States Sentencing Commission with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). The Commission has identified six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

(1) a serious medical circumstance of the defendant;
(2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
(3) the death or incapacitation of an immediate family member;
(4) the defendant being a victim of abuse while in custody;
(5) other reasons of similar gravity as (1)–(4); and
(6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6).

Relevant to this case, subsection (b)(6) provides:

If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling

---

[2] Section 3582(c)(1)(A) also permits a court to grant relief if a prisoner (1) met the threshold requirements; (2) is at least seventy years of age; (3) has served at least thirty years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c); and (4) the Director of the Bureau of Prisons has determined that the prisoner is not a danger to the safety of the any other person or the community. *Id.* § 3582(c)(1)(A)(ii). Johnson did not move under this provision, so it does not apply. Additionally, he is only forty-nine and does not meet the age requirement.

reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Recently, the Supreme Court in *Rutherford v. United States*, 146 S. Ct. 1320, invalidated that provision on the basis that the Sentencing Commission had exceeded the scope of its authority from Congress. *Id.* at 1334 (quoting *Batterton v. Francis*, 432 U.S. 416, 426 (1977)). The Court ruled that a nonretroactive change to a sentencing law—in that case, specifically, 18 U.S.C. § 924(c)—could not "by itself or in combination with other factors . . . make a prisoner eligible for compassionate release." *Id.* at 1335. The Court reasoned that, in determining not to make a change to a sentencing law retroactive, Congress chooses to leave such sentences "untouched." *Id.* Accordingly, as the Court explained, such "untouched" sentences cannot create an extraordinary and compelling reason meriting compassionate release under 18 U.S.C. § 3582(c)(1)(A) because, in essence, Congress deems those unchanged sentences still to be correct. *Rutherford*, 146 S. Ct. 1335.

In this case, Johnson moves for compassionate release pursuant to § 1B1.13(b)(6) based on sentencing disparities and based on rehabilitation. Rehabilitation alone is not an extraordinary and compelling reason for release. 28 U.S.C. § 994(t). Likewise, under *Rutherford*, the sentencing disparities of which Johnson complains cannot amount to an extraordinary and compelling reason for relief. For these reasons, it is this 9th day of July 2026 hereby ORDERED that Petitioner Larry Johnson's Motion for Compassionate Release (ECF No. 195) is DENIED.

/s/
_____

Richard D. Bennett
United States Senior District Judge